UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| T. MATTHEW PHILLIPS,<br><br>    Plaintiff(s),<br><br>v.<br><br>HON. MARI PARLADE,<br><br>    Defendant(s). | Case No. 2:25-cv-01464-GMN-NJK<br><br>**REPORT AND RECOMMENDATION** |

    District courts possess the authority to dismiss cases *sua sponte* when a plaintiff "cannot possibly win relief." *Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 638 (9th Cir. 1988); *see also Mallard v. U.S. Dist. Ct. for S. Dist. Of Iowa*, 490 U.S. 296, at 307-08 (1989) (noting that "there is little doubt" federal courts have the power to dismiss frivolous lawsuits even in the absence of any statutory provision). More specifically, "[t]he Ninth Circuit has recognized that a district court may *sua sponte* dismiss claims against judicial officers that are barred by the judicial immunity doctrine or *Rooker-Feldman* doctrine." *DeClue v. Cnty. of Alameda*, 2020 WL 6381356, at *9 (N.D. Cal. Oct. 30, 2020) (citing *Kinney v. Cantil-Sakauye*, 723 Fed. Appx. 562 (9th Cir. 2018)).

    Plaintiff brings this case against a state court judge, alleging fraud and due process violations, among other accusations. *See* Docket No. 1.[1] The claims for damages cannot possibly win in light of the judicial immunity to which Judge Parlade is entitled. Judges are protected by a "sweeping" immunity that insulates them from civil suits arising out of their judicial actions, even if those actions are alleged to be erroneous, irregular, malicious, or corrupt. *Curry v. Castillo (in re Castillo)*, 297 F.3d 940, 947 (9th Cir. 2002). It is both common sense and well-settled law that the crafting and issuance of a ruling is a judicial act subject to this immunity. *See, e.g.*, *Phillips v.*

---

[1] Plaintiff is an attorney licensed in California. *See* Docket No. 1 at 1. Although he is appearing in this case *pro se*, he is entitled to no leniency as such. *See, e.g.*, *Huffman v. Lindgren*, 81 F.4th 1016, 1020-21 (9th Cir. 2023).

*Ochoa*, 2023 WL 6379693, at *2 (D. Nev. Sept. 28, 2023) (in rejecting Plaintiff's attempt to avoid immunity finding against another state court judge, explaining that "issuing an opinion is an inherently judicial act"). Plaintiff alleges that the Judge Parlade acted improperly in issuing rulings that utilized artificial intelligence. *See, e.g.*, Docket No. 1 at ¶¶ 7-9. Plaintiff contends in the complaint that judicial immunity does not protect the state court judge because allegedly delegating decision-making to artificial intelligence would not be a "judicial act" and that issuing such an order in the matter before the judge is somehow without jurisdiction. *See id.* at ¶¶ 10-11. As discussed above, however, the crafting and issuance of a judicial ruling is squarely within the scope of judicial actions for which immunity applies. Plaintiff cannot possibly prevail in attempting to sue Judge Parlade for damages.

Plaintiff's complaint also seeks issuance from this Court of "an order voiding or expunging the *Minute Order*, dated Aug. 15, 2023." *See* Docket No. 1 at p. 20. Stated slightly differently, Plaintiff asks this Court to "overturn[]" the state court ruling. *See id.* at ¶ 85. The "*Rooker-Feldman* [doctrine] prohibits a federal district court from exercising subject matter jurisdiction over a suit that is a de facto appeal from a state court judgment." *Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1139 (9th Cir. 2004). The doctrine applies where the "federal plaintiff may complain of a legal injury caused by a state court judgment, based on an allegedly erroneous legal ruling, in a case in which the federal plaintiff was one of the litigants." *Noel v. Hall*, 341 F.3d 1148, 1163 (9th Cir. 2003). Asking a federal court to find error in a state court order is a textbook example of the type of claim barred by the *Rooker-Feldman* doctrine. *See, e.g.*, *Kinney v. Cantil-Sakauye*, 2017 WL 6527301, at *7-8 (N.D. Cal. Aug. 21, 2017), *adopted*, 2017 WL 6502802 (N.D. Cal. Sept. 6, 2017), *aff'd*, 723 Fed.Appx. 562 (9th Cir. 2018), *cert denied*, 139 S. Ct. 1336 (2019). Plaintiff cannot possibly prevail in seeking injunctive relief as to the identified minute order.

Accordingly, the undersigned **RECOMMENDS** that this case be **DISMISSED** with prejudice and without leave to amend.

Dated: August 11, 2025

Nancy J. Koppe
United States Magistrate Judge

**<u>NOTICE</u>**

This report and recommendation is submitted to the United States District Judge assigned to this case pursuant to 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation must file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation. Local Rule IB 3-2(a). Failure to file a timely objection may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).