T. Matthew Phillips, Esq.
Calif. State Bar No. 165833
United States Bar No. 317048
(*Not Licensed in Nevada*)
4894 W. Lone Mtn. Rd., No. 132
Las Vegas, Nevada 89130
Telephone: (323) 314-6996
TMatthewPhilllips@aol.com
*Self-Represented*

| X FILED | _____ RECEIVED |
|---|---|
| _____ ENTERED | _____ SERVED ON |

AUGUST 25, 2025

CLERK, U.S. DISTRICT COURT
DISTRICT OF NEVADA
BY:_____ /s/ RJDG _____ DEPUTY

# UNITED STATES DISTRICT COURT

# LAS VEGAS, NEVADA

|  |  |
|---|---|
| **T. MATTHEW PHILLIPS** | Case No: 2:25-cv-01464-GMN-NJK |
| *Plaintiff* | REQUEST *for* JUDICIAL NOTICE; DECLARATION *of* PLAINTIFF, T. MATTHEW PHILLIPS, [*In Support of Plaintiff's Objections to Magistrate's Report*]. |
| *vs.* |  |
| **HON. MARI PARLADE** |  |
| *Defendant* |  |
|  | ***Hon. Gloria M. Navarro, Judge*** |
|  | ***Hon. Nancy J. Koppe, Magistrate Judge*** |

/ / / /

/ / / /

/ / / /

<u>Request *for* Judicial Notice</u>

## I.        Rule 201 – Judicial Notice of Adjudicative Facts.

<u>F.R.E. Rule 201</u>:  This rule governs judicial notice of an adjudicative fact only, not a legislative fact, [F.R.E. 201(a)].

<u>Kinds of Facts That May Be Judicially Noticed</u>:  The court may judicially notice a fact that is not subject to reasonable dispute because it:

(1) is generally known within the trial court's territorial jurisdiction; or

(2) can be accurately and readily determined from sources whose accuracy ***cannot reasonably be questioned***.

[*See* F.R.E. 201(b)(1)–(2); (bold italics added)]

'<u>Cannot Reasonable Be Questioned</u>':  Phillips contends that judicial notice, under F.R.E. 201, may be taken of (i) an attorney's queries to A.I. technologies, and (ii) the resulting A.I.-generated responses—in instances where the A.I. processes involve reputable technologies, (such as Lexis + A.I.).

<u>Taking Notice</u>:  The court "***must take judicial notice*** if a party requests it and the court is supplied with the necessary information," [*see* F.R.E. 201(c)(2); (bold italics added].

<u>Timing</u>:  The court may take judicial notice "at any stage of the proceeding," [F.R.E. 201(d)].

<u>Matters to Be Judicially Noticed</u>:  Phillips asks the court to take judicial notice of (i) his queries to A.I. technologies, and (ii) the resulting A.I.-generated responses.  Phillips contends the results are relevant because Lexis + A.I. is a reputable technology.

/ / / /

/ / / /

/ / / /

D<span>ECLARATION</span> *of* T. M<span>ATTHEW</span> P<span>HILLIPS</span>, E<span>SQ.</span>

I am T. Matthew Phillips, the Plaintiff.  The within allegations are true and correct of my own personal knowledge.  If called upon to testify, I could and would give competent and truthful evidence.  I give this testimony in support of my *Request for Judicial Notice*, filed herewith.

1.      On Aug. 24, 2025, I had the bright idea to see whether A.I. could resolve the principal issue—*i.e.*, where judges resort to A.I. use to decide contested matters, is it a "judicial act" to which judicial immunity attaches?  What would A.I. have to say about this issue of first impression?

2.      On Aug. 24, 2025, I proposed a legal question to Lexis A.I., with parameters set for the Ninth Circuit.  I asked the initial query, "***Can judges use A.I. to decide contested matters?***"  Based on my query, Lexis A.I. re-phrased my query and turned it into a compound question: "***Can judges delegate decision-making authority to AI in contested legal matters, and is such delegation a judicial act protected by judicial immunity?***"

3.      On Aug. 24, 2025, in response to the compound question that Lexis A.I. proposed, (above), Lexis + A.I. gave the following response—

"Judges cannot legally delegate their decision-making authority in contested legal matters to artificial intelligence (AI) systems, as such ***delegation would not constitute a "judicial act"*** protected by judicial immunity.  Judicial immunity applies only to acts that are judicial in nature, which are defined as ***functions normally performed*** by a judge and where the parties interact with the judge in their judicial capacity.  ***Delegating decision-making to AI systems does not meet these criteria***, as it would not involve the judge ***performing a judicial function or exercising independent judgment***, *Acres Bonusing, Inc. v. Marston*, 17 F.4th 901, *Ashelman v. Pope*, 793 F.2d 1072, *Schucker v. Rockwood*, 846 F.2d 1202." (bold italics added)

"Judicial immunity is limited to actions taken within the judge's jurisdiction and in their judicial capacity.  Nonjudicial actions, such as administrative or legislative functions, are not protected by judicial immunity.  For example, in *Forrester v. White*, the Supreme Court held that administrative decisions, such as employment actions, are not judicial acts and therefore do not qualify for immunity *Meek v. County of Riverside*, 183 F.3d 962, *Duvall v. County of Kitsap*, 260 F.3d 1124.  Similarly, ***delegating decision-making to AI would likely be considered an administrative or nonjudicial act***, as it involves ***transferring the judge's decision-making role to a non-human entity***, which is ***not a function traditionally performed by judges***, *Ashelman v. Pope*, 793 F.2d 1072, *Duvall v. County of Kitsap*, 260 F.3d 1124." (bolding, italics, and punctuation added)

"Furthermore, judicial immunity is grounded in the need to protect independent and principled judicial decision-making.  The use of AI systems to make final determinations in contested legal matters could undermine this principle, as AI lacks the capacity for independent judgment and accountability inherent in judicial decision-making.  Courts have emphasized that ***judicial acts must involve the exercise of discretion and judgment, which cannot be delegated to non-judicial entities or systems***, *Acres Bonusing, Inc. v. Marston*, 17 F.4th 901, *Ashelman v. Pope*, 793 F.2d 1072, *Schucker v. Rockwood*, 846 F.2d 1202." (bolding, italics, and punctuation added)

4.      On Aug. 24, 2025, in the interest of paying deference to the scientific method, I re-asked the question.  I re-phrased my initial query using the compound question that Lexis A.I. proposed: "***Can judges delegate decision-making authority to AI in contested legal matters, and is such delegation a judicial act protected by judicial***

*immunity?*"  This time, phrasing the query in the compound language of Lexis A.I., I received the following response—

"***Judges cannot delegate decision-making authority in contested legal matters to artificial intelligence (AI) systems in a manner that would constitute a judicial act***, *as judicial acts require the exercise of independent judgment and discretion, which are inherently human functions.*  Judicial immunity applies only to actions taken in a judge's judicial capacity, which involves resolving disputes between parties or authoritatively adjudicating private rights.  Delegating such authority to AI would likely not meet the criteria for a judicial act and could fall outside the scope of judicial immunity." (bold italics added)

"Judicial immunity is narrowly construed and applies only to actions that are judicial in nature and within the judge's jurisdiction. According to the Ninth Circuit, judicial immunity does not protect judges for nonjudicial actions or actions taken in the complete absence of jurisdiction.  Whether an act is judicial depends on the nature of the act itself, such as whether it is a function normally performed by a judge and whether the parties dealt with the judge in their judicial capacity, Acres Bonusing, Inc. v. Marston, 17 F.4th 901, Harvey v. Waldron, 210 F.3d 1008.  ***Delegating decision-making authority to AI would not align with these criteria, as AI lacks the capacity for independent judgment and discretion, which are central to judicial functions.*** " (bolding, italics, and punctuation added)

"Furthermore, judicial immunity is intended to preserve the independence and impartiality of judicial decision-making.  The use of AI in contested legal matters could undermine these principles, as AI systems are not capable of exercising the independent and uncompromised judgment required of judges.  The Ninth Circuit has

emphasized that judicial immunity is designed to protect the finality of judgments and discourage inappropriate collateral attacks on judicial actions, *Ashelman v. Pope*, 793 F.2d 1072, § 9 *State Immunity*. Delegating judicial authority to AI could compromise these objectives and expose judges to liability for actions that are not judicial in nature."

"***In summary, delegating decision-making authority to AI in contested legal matters would not constitute a judicial act and would likely fall outside the scope of judicial immunity. Judicial acts require the exercise of human judgment and discretion, which cannot be replicated by AI systems***, *Acres Bonusing, Inc. v. Marston*, 17 F.4th 901, *Harvey v. Waldron*, 210 F.3d 1008, § 9 *State Immunity*. [*from* Lexis + A.I.; (bolding, italics, and punctuation added)]

5.      For whatever probative value it may hold, A.I. agrees with Phillips! Where judges delegate their judicial decision-making duties to A.I. adjudicative processes, the act of delegation is *not* a judicial act"; *therefore*, judicial immunity *does not* here attach.

6.      The court may take judicial notice of the A.I. results because such results can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned, [*see* F.R.E. 201(b)(2)].

/ / / /

/ / / /

/ / / /

//// 

*I declare under penalty of perjury under the laws of the State of Nevada, and the United States, the foregoing is both true and correct.*

Dated: **Aug. 25, 2025**           *Respectfully Submitted,*

*T. Matthew Phillips*
_____
T. Matthew Phillips, Esq.
Calif. State Bar No. 165833
United States Bar No. 317048
(*Not Licensed in Nevada*)
Email: TMatthewPhillips@aol.com
Tel: (323) 314-6996

\*     \*     \*