T. MATTHEW PHILLIPS, ESQ.
Calif. State Bar No. 165833
United States Bar No. 317048
(*Not Licensed in Nevada*)
4894 W. Lone Mtn. Rd., No. 132
Las Vegas, Nevada 89130
Telephone: (323) 314-6996
TMatthewPhilllips@aol.com
*Self-Represented*

X FILED    RECEIVED
  ENTERED   SERVED ON

AUGUST 25, 2025

CLERK, U.S. DISTRICT COURT
DISTRICT OF NEVADA
BY: /s/ RJDG   DEPUTY

# UNITED STATES DISTRICT COURT

# LAS VEGAS, NEVADA

|  |  |
|---|---|
| T. MATTHEW PHILLIPS,<br><br>*Plaintiff*<br><br>*vs.*<br><br>HON. MARI PARLADE<br><br>*Defendant* | Case No: 2:25-cv-01464-GMN-NJK<br><br>PLAINTIFF'S RESPONSE<br>*to* ORDER *to* SHOW CAUSE,<br>[Dkt. #7, (Aug. 11, 2025)].<br><br><br><br><br>**Hon. Gloria M. Navarro, Judge**<br>**Hon. Nancy J. Koppe, Magistrate Judge** |

/ / / /

/ / / /

/ / / /

<u>Response</u> *to* <u>Order</u> *to* <u>Show</u> <u>Cause</u>

**I.      Brief Intro.**

<u>Response to O.S.C.</u>:  Plaintiff, T. Matthew Phillips, ("Phillips"), now responds to the *Order to Show Cause*, issued Aug. 11, 2025, [Dkt. #7].

<u>Acquiescence to Pre-Filing Restrictions</u>:  Phillips has no wish to be seen as quarrelsome; *therefore*, in the interests of expediency, ***Phillips hereby acquiesces to the contemplated pre-filing restrictions***.

<u>Terms of Pre-Filing Restrictions</u>:  Phillips agrees to submit to pre-filing restrictions—in the event he brings future complaints, "***related to state court proceedings or brought against anyone affiliated with the state court system***," [*see Order to Show Cause*, (Aug. 11, 2025); (Dkt. #7)].

<u>Nonfrivolous Argument for New Law</u>:  Phillips agrees to the pre-filing restrictions, but he argues the "vexatious" label *does not* apply to him.  Why?—because (a) despite losing nine lawsuits in-a-row, none of his lawsuits have been adjudged "frivolous," and (b) no Rule 11 violations were ever found.  Phillips urges a new rule—for "good faith" litigants with poor litigation track-records.  Where, as here, pre-filing restrictions are narrowly tailored—towards a finite group of defendants, (*i.e.*, family court judges)—there's really no need for the full-blown "vexatious" label.

**II.      Governing Law.**

<u>In re Koshkalda</u>:  Before imposing pre-filing restrictions, the court must: (1) give litigants notice and an opportunity to oppose; (2) compile an adequate record for appellate review, including a listing of all the cases that led the district court to conclude that a vexatious order was needed; (3) make substantive findings of frivolousness; and (4) tailor the order narrowly so as to closely fit the specific vice encountered, [*see, Koshkalda v. Schoenmann*, (*In re Koshkalda*), 622 B.R. 749 (2020); *see also*, *De Long v. Hennessey*, 912 F.2d 1144 (1990)].

  <u>Procedural Requirements</u>:  The first two procedural elements are already satisfied—*i.e.*, (1) notice and an opportunity to oppose, and (2) compiling an adequate record for appellate review, [*see Koshkalda*, (*supra*)].

  <u>No Substantive Findings of Frivolousness</u>:  Here, at prong (3), the argument for a vexatious finding totally evaporates.  Why?—because there's never been a substantive finding of "frivolousness."  Yes, Phillips lost all nine (9) federal lawsuits; *however*, it's worth noting that none were dismissed based on "frivolousness."  Phillips sees this fact as highly relevant, [*see* F.R.E. § 401].

  <u>No Rule 11 Violations</u>:  So too, despite the fact that Phillips lost all nine (9) federal lawsuits, the court found no violations of FRCP, Rule 11(b).  Here again, Phillips sees this fact as highly relevant, [*see* F.R.E. § 401].

  <u>Dismal Track-Record</u>:  The O.S.C. relies on the fact that Phillips, in a *pro se* capacity, filed nine federal lawsuits, which were all dismissed; but still, despite the dismal track-record, (0-for-9), none of the lawsuits were adjudged "frivolous."  And thus, forgetting for a moment Phillips' acquiescence to pre-filing restrictions, there's no factual basis for a "vexatious" finding.

  <u>Litigiousness Alone Not Enough</u>: "[A] frivolous filing alone is not enough.  Neither is mere litigiousness.  Rather, the frivolous filings must be inordinate in number.  Courts must, therefore, look at both the number and content of the filings as indicia of the frivolousness of the litigant's claims," [(*In re Koshkalda*), 622 B.R. 749 (2020)].  But none of Phillips filings were "frivolous."

  <u>The Court's Duty</u>: "[I]t is incumbent on the court to make substantive findings as to the frivolous or harassing nature of the litigant's actions, [*De Long v. Hennessey*, (*id.*) at 1147].  But again, despite nine failed actions, U.S.D.C. never made any finding of "frivolity."  And now, Phillips' tenth lawsuit—which exposes A.I. use at Clark County family court—raises issues of first impression.  Phillips argues the A.I. lawsuit is *not* frivolous.  (<u>Note</u>: in an earlier suit against a family court judge, Judge Dorsey found First Amendment issues of first impression.)

1  <u>Narrow Tailoring of the Order</u>:  Pre-filing orders must be narrowly tailored
2  to address specific abusive behaviors without unduly restricting access to the court,
3  [*Koshkalda v. Schoenmann* (In re Koshkalda), 622 B.R. 749 (2020); *see also*, *De*
4  *Long v. Hennessey*, 912 F.2d 1144 (1990)].  Pre-filing restrictions "must be
5  narrowly tailored to the vexatious litigant's wrongful behavior," [*see Ringgold-*
6  *Lockhart*, 761 F.3d 1057, at 1066 (*quoting Molski*, 500 F.3d at 1061)].
7  <u>The Scope is Sufficiently Narrow</u>:  Here, the O.S.C. properly frames the
8  pre-filing restrictions in a narrow manner; *henceforth*, Phillips is subject to pre-
9  filing restrictions, if he wishes to bring a complaint—"***related to state court***
10 ***proceedings or brought against anyone affiliated with the state court system***,"
11 [*see Order to Show Cause*, (Aug. 11, 2025); (Dkt. #7)].
12 <u>Addressing Wrongful Behavior</u>:  The pre-filing restrictions of the O.S.C.
13 are narrowly tailored as to the scope of restrictions.  The restrictions adequately
14 address, "[Phillips'] wrongful behavior," [*see Ringgold-Lockhart*, 761 F.3d 1057,
15 at 1066, (*quoting Molski*, 500 F.3d at 1061)].  And thus, with the wrongful
16 behavior addressed, Phillips argues the vexatious "label" is superfluous.
17 '<u>Restrictions without the Label</u>':  The issue becomes whether the court is
18 able to impose "pre-filing" restrictions—without resort to the "labeling process?"
19 Query: is a "label" absolutely necessary?  No.  U.S.D.C. may impose pre-filing
20 restrictions without having to "brand" litigants or otherwise pigeon-hole them into
21 one category or the other, which serves only to reinforce harmful stereotypes.
22 <u>The Vexatious 'Label' Incites Prejudice</u>:  The vexatious "label" has negative
23 connotations.  The vexatious "label" incites undue *prejudice*.  With an eye on
24 "narrowly tailoring" its order, U.S.D.C. may impose the contemplated pre-filing
25 restrictions—without resort to imposition of a stigmatizing "label."
26 <u>Less-Restrictive Alternative</u>:  If there must be a label, Phillips prefers a less
27 inflammatory term, *e.g.*, "hyper-litigious."  The term, "hyper-litigious" describes
28 Phillips.  It's more accurate than, "vexatious."  In stark contrast, the adjective,

"vexatious," conjures-up unduly prejudicial images of, (a) frivolous lawsuits, and (b) Rule 11 violations—*i.e.*, transgressions that Phillips, a professional litigator, *does not* commit. So too, the vexatious label tends to have a "***punitive effect***," which, Phillips argues, creates deleterious effects that go beyond the scope of "narrowly tailoring."

<u>Begging the Court's Indulgence</u>: So, why should this Court consider special dispensation for Phillips? Well, despite a dismally poor track-record at U.S.D.C., (0-for-9), Phillips litigated in "good faith"; *first*, no court found his complaints "frivolous"; and, *second*, no court found a Rule 11 violation.

<u>Right to Petition the Gov't for Redress</u>: For the record, Phillips here notes, "***[t]o be certain, the right to file a lawsuit pro se is one of the most important rights under our Constitution and laws***," [*see Elmore v. McCammon*, 640 F. Supp. 905 (S.D. Tex. 1986); *see also*, First Amendment, (1791)].

### III. Proposed New Rule.

<u>Proposed New Rule</u>: Where, as here, *pro se* litigants have poor track-records at U.S.D.C.—with little or no litigation success—despite multiplicities of actions—the Court may rightly impose pre-filing restrictions—"narrowly tailored" to address specific behaviors; *however*, where the litigant-in-question, (a) never filed a complaint adjudged "frivolous," and (b) never committed a Rule 11 violation, the Court, *in its sound discretion*, may consider special dispensation—

- the Court may label that person "hyper-litigious"—as a category separate and distinct from "vexatious"; and,
- should the "hyper-litigious" litigant, in the future, submit a proposed pleading that the Court rejects—the Court, in its rejection order, may include a statement of findings and conclusions, [FRCP, Rule 52], to ensure the controverted issues of law and fact are sufficiently ripe, should review be sought in the Ninth Circuit.

    (Note: U.S.D.C. is not duty-bound to make findings and conclusions; *nevertheless*, Phillips believes such rulings will illuminate issues on appeal.)

  Public Policy Argument:  It would serve sound public policy—if this Court, *respectfully*, were to fashion a new rule—to be applied to pro se litigants with poor litigation track records, in instances where, despite multiplicities of failed actions, (a) such litigants never suffered a complaint adjudged "frivolous," and (b) never committed a Rule 11 violation.  Such "hyper-litigious" litigants, Phillips argues, qualify for special dispensation, including a distinctive label, ("hyper-litigious").  So too, in instances where hyper-litigious litigants, subject to pre-filing restrictions, submit proposed pleadings that the Court later rejects—the Court, in its rejection order, may include a statement of findings and conclusions, [FRCP, Rule 52], to ensure the controverted issues of law and fact are sufficiently pronounced, should the hyper-litigious litigant seek appellate review.

### IV. Summary and Conclusion.

  Factual Summary:  Phillips acquiesces to the contemplated pre-filing restrictions; *henceforth*, Phillips will be subject to pre-filing restrictions, in the event he wishes to bring any complaint—"***related to state court proceedings or brought against anyone affiliated with the state court system***," [*O.S.C.*, (Aug. 11, 2025); (Dkt. #7)].  (Note:  The prospect of such future litigation is indeed remote.  Why?—because Phillips' son, Donovan Matthew Phillips, already turned 18, and the family court case is closed.)

  Good Faith Litigations:  Despite losing nine lawsuits in-a-row at U.S.D.C., Phillips brought all nine in "good faith."  How may the Court know Phillips' "good faith?"—(a) none of Phillips' nine lawsuits were found to be "frivolous," and, (b) no Rule 11 violations were found.

/ / / /

      <u>Conclusion</u>:  Phillips believes this Court may rightly view "hyper-litigious" litigants in a light separate and distinct from their more unruly cousins, "vexatious" litigants—in instances where, as here, the litigant-in-question has, (a) never filed a "frivolous" lawsuit at U.S.D.C.; and, (b) never committed a Rule 11 violation.  Where, as here, pre-filing restrictions have been "narrowly tailored," there's no need for any "labeling."  If there must be a "label," Phillips prays the court adjudge him a "hyper-litigious" litigator—who litigates in "good faith."  Finally, Phillips asks for the right to request a statement of findings and conclusions, [Rule 52], in the remote chance that Phillips wishes to sue another family court judge.

      <u>Request for Ruling</u>:  Phillips acquiesces to the contemplated pre-filing restrictions—but without the superfluous and stigmatizing "vexatious" label; indeed, if Phillips must be branded, he prefers the "hyper-litigious" branding.  And, in the million-to-one chance Phillips ever again sues a Clark County family court judge, he asks the court to grant him leave to request a statement of findings and conclusions, [Rule 52].  Phillips prays the Court see his sincerity.

/ / / /

Dated:  **Aug. 25, 2025**                    *Respectfully Submitted*,

*T. Matthew Phillips*
T. Matthew Phillips, Esq.
Calif. State Bar No. 165833
United States Bar No. 317048
(*Not Licensed in Nevada*)
Email:  TMatthewPhillips@aol.com
Tel: (323) 314-6996

\*   \*   \*

## V<small>ERIFICATION</small> *of* T. M<small>ATTHEW</small> P<small>HILLIPS</small>, E<small>SQ.</small>

I am T. Matthew Phillips. I am the Plaintiff. The within allegations are true and correct of my own personal knowledge. As to matters alleged on information and believe, I reasonably believe such matters to be true. If called upon to testify, I could and would give competent and truthful evidence.

*I declare under penalty of perjury under the laws of the State of Nevada, and the laws of the United States, the foregoing is both true and correct.*

Dated: **Aug. 25, 2025**         *Respectfully Submitted,*

*T. Matthew Phillips*
T. Matthew Phillips, Esq.
Calif. State Bar No. 165833
United States Bar No. 317048
(*Not Licensed in Nevada*)
Email: TMatthewPhillips@aol.com
Tel: (323) 314-6996


\*   \*   \*