**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| T. MATTHEW PHILLIPS,<br><br>Plaintiff,<br>vs.<br><br>MARI PARLADE,<br><br>Defendant. | Case No.: 2:25-cv-01464-GMN-NJK<br><br>**ORDER** |

Pending before the Court is the Report and Recommendation ("R&R") by Magistrate Judge Nancy J. Koppe, (ECF No. 6), recommending that this case be dismissed with prejudice. Plaintiff T. Mattew Phillips filed an Objection, (ECF No. 10).[1]

A party may file specific written objections to the findings and recommendations of a United States Magistrate Judge made pursuant to Local Rule IB 1-4. 28 U.S.C. § 636(b)(1)(B); D. Nev. R. IB 3-2. Upon the filing of such objections, the Court must make a *de novo* determination of those portions to which objections are made. *Id.* The Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. 28 U.S.C. § 636(b)(1); D. Nev. R. IB 3-2(b).

Plaintiff first objects to the judicial immunity analysis of the R&R arguing that judicial immunity does not apply in this matter because Defendant unlawfully delegated her official decision-making duties when she relied wholly on artificial intelligence to issue a judicial

[1] Further pending before the Court is Plaintiff's Request for Judicial Statement of Decision, (ECF No. 14). Plaintiff requests the Court issue a written statement of decision that sets forth the factual and legal bases for its determinations as to the issues presented by the First Amended Complaint ("FAC"). However, Judge Koppe denied Plaintiff's Motion for Leave to file his First Amended Complaint. (*See* Order, ECF No. 15). Therefore, there is no FAC before the Court to issue a written statement of decision on. Moreover, as explained in this Order, this case is being dismissed with prejudice because judicial immunity bars Plaintiff's claims. Accordingly, the Request for Judicial Statement of Decision, is DENIED as moot.

ruling, without any discretionary human thought, such that her actions cannot be considered a "judicial act." (*See generally* Obj., ECF No. 10). Plaintiff further argues that because Defendant delegated 100% of her decision-making duties, the rulings were in clear absence of all jurisdiction. (*Id.*).

Judges enjoy absolute immunity from civil liability, even if their action was in error, done maliciously, or in excess of their authority. *Meek v. Cnty. of Riverside*, 183 F.3d 962, 965 (9th Cir. 1999). Judicial immunity applies unless the challenged conduct is accompanied by a clear absence of all jurisdiction or where the challenged conduct is not judicial in nature. *Mireles v. Waco*, 502 U.S. 9, 11–12 (1991). Courts determine whether an act is judicial in nature by considering whether: (1) the act is a normal judicial function; (2) the events occurred in the judge's chambers; (3) the controversy centered around the case pending before the judge; and (4) the events at issue arose out of confrontation with the judge in his or her official capacity. *Meek*, 183 F.3d at 967.

Here, Plaintiff alleges that Defendant issued a judicial decision in his state court case by relying wholly on artificial intelligence. Issuing a judicial ruling is clearly a normal judicial function and the controversy at issue centered around Plaintiff's state court case pending before Defendant. Moreover, there are no allegations that the events occurred outside Defendant's chambers. The challenged conduct is therefore judicial in nature. Furthermore, Plaintiff provides no case law or authority to support a finding that the challenged conduct was accompanied by a clear absence of all jurisdiction. Thus, Defendant is entitled to judicial immunity and this case must be dismissed.[2]

---

[2] Because this case must be dismissed based on judicial immunity, the Court need not reach Plaintiff's objections with respect to Judge Koppe's *Rooker-Feldman* discussion.

Accordingly,

**IT IS HEREBY ORDERED** that the R&R, (ECF No. 6), is **ACCEPTED AND ADOPTED IN PART**. The Court accepts the portions of Magistrate Judge Koppe's R&R addressing judicial immunity but declines to reach the issue of *Rooker-Feldman*.

**IT IS FURTHER ORDERED** that Plaintiff's Complaint is **DISMISSED** with prejudice.

**IT IS FURTHER ORDERED** that Plaintiff's Request for Judicial Statement of Decision, (ECF No. 14), is **DENIED** as moot.

The Clerk of Court is kindly directed to close the case.

**DATED** this 12 day of August, 2026.

Gloria M. Navarro, District Judge
United States District Court