**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

T. Matthew Phillips,
Plaintiff(s),
v.
Mari Parlade,
Defendant(s).

Case No. 2:25-cv-01464-GMN-NJK

**Report and Recommendation**

Plaintiff has been involved in state court family law proceedings for some time, taking full advantage of his appellate rights therein. *See, e.g.*, *Phillips v. Phillips*, 138 Nev. 975 (2022) (affirming custody determination and fee award), *cert. denied*, 143 S.Ct. 455 (2022). In addition, Plaintiff has filed at least ten cases in this federal court predicated on allegations of judicial or other misconduct related to state court. Plaintiff's federal cases have run up against well-established legal principles that are foundational to our American judicial system, including doctrines related to broad immunity for judges, *Phillips v. Henderson*, 2024 WL 4104190, at *2-3 (D. Nev. Sept. 6, 2024), issue preclusion, *Phillips v. Ochoa*, 2022 WL 3644874, at *1 (9th Cir. Aug. 24, 2022), federal court avoidance of interfering with state court proceedings, *Phillips v. Phillips*, 2020 WL 209309, at *1 (D. Nev. Jan. 14, 2020), and federal district courts not acting in an appellate capacity over state courts, *Phillips v. Ochoa*, 2023 WL 6379693, at *3-5 (D. Nev. Sept. 28, 2023). These are legal obstacles that should deter a licensed attorney[1] from repeatedly seeking relief in federal court regarding alleged errors, discrepancies, or misconduct in state family court. Unfortunately, the myriad rulings against Plaintiff have apparently not discouraged his

[1] Because Plaintiff is himself an attorney, *see, e.g.*, Docket No. 12 at 1 (caption), he is not entitled to lenient treatment as a *pro se* litigant, *Huffman v. Lindgren*, 81 F4th 1016, 1020-21 (9th Cir. 2023).

barrage of ancillary litigation in federal court. To that end, Plaintiff thereafter filed the instant lawsuit alleging that the presiding state court judge relied on artificial intelligence to craft her rulings. *See* Docket No. 1.[2]

Given this litigation history, the Court ordered Plaintiff to show cause why he should not be declared a vexatious litigant subject to a pre-filing order for any cases related to state court proceedings or brought against anyone affiliated with the state court system. Docket No. 7. Plaintiff filed a response not opposing the entry of such an order. Docket No. 12 at 2 ("***Phillips hereby acquiesces to the contemplated pre-filing restrictions***" (emphasis in original)). As discussed below, the undersigned **RECOMMENDS** that Plaintiff be declared a vexatious litigant.

## I. STANDARDS

This Court has the power to enter prefiling orders against vexatious litigants pursuant to the All Writs Act, 28 U.S.C. § 1651(a). "Flagrant abuse of the judicial process cannot be tolerated because it enables one person to preempt the use of judicial time that properly could be used to consider the meritorious claims of other litigants." *De Long v. Hennessey*, 912 F.2d 1144, 1148 (9th Cir. 1990). Nonetheless, the Ninth Circuit has cautioned that such orders are "an extreme remedy that should rarely be used . . . because such sanctions can tread on a litigant's due process right of access to the courts." *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1057 (9th Cir. 2007).

In determining whether a prefiling order is appropriate, the Ninth Circuit has outlined four requirements:

> When district courts seek to impose pre-filing restrictions, they must: (1) give litigants notice and "an opportunity to oppose the order before it [is] entered;" (2) compile an adequate record for appellate review, including "a listing of all the cases and motions that led the district court to conclude that a vexatious litigant order was needed;" (3) make substantive findings of frivolousness or harassment; and (4) tailor the order narrowly so as "to closely fit the specific vice encountered."

[2] Although this case has been dismissed, Docket No. 16, the Court retains jurisdiction to issue a vexatious litigant order, *see, e.g.*, *Ringgold-Lockhart v. Cnty. of Los Angeles*, 761 F.3d 1057, 1062 n.2 (9th Cir. 2014).

*Ringgold-Lockhart*, 761 F.3d at 1062. The first two considerations are procedural while the latter two are substantive in nature. *Molski*, 500 F.3d at 1057-58. As to the latter two considerations, the Ninth Circuit has identified five additional factors that provide a helpful framework:

> (1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation, e.g., does the litigant have an objective good faith expectation of prevailing?; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties.

*Id.* (quoting *Safir v. U.S. Lines, Inc.*, 792 F.2d 19, 24 (2d Cir. 1986)).

## II. ANALYSIS

The undersigned concludes through this analysis that Plaintiff should be declared a vexatious litigant subject to a prefiling order.

### A. Notice and Opportunity to be Heard

Plaintiff was provided notice and afforded an opportunity to be heard. The Court issued an order for him to show cause, Docket No. 7, and Plaintiff filed a written response, Docket No. 12. This "opportunity to brief the issue fully satisfies due process requirements." *Molski*, 500 F.3d at 1058-59 (quoting *Pac. Harbor Capital, Inc. v. Carnival Air Lines, Inc.*, 210 F.3d 1112, 1118 (9th Cir. 2000)).

### B. Adequate Record for Review

This is at least Plaintiff's tenth case filed in federal court predicated on allegations of judicial or other misconduct related to state court. *See also Phillips v. Ochoa*, Case No. 2:20-cv-00272-JAD-VCF (D. Nev. Feb. 7, 2020) (case brought against state court judge, county, and state); *Phillips v. Duckworth*, Case No. 2:20-cv-2345-RFB-NJK (D. Nev. Dec. 29, 2020) (case brought against state court judge, clerk of court, state court administrator, and state court administrative agency); *Phillips v. Truby*, Case No. 2:21-cv-00358-KJD-EJY (D. Nev. Mar. 2, 2021) (case brought against director of family support division of district attorney's office, DMV director, and state attorney general); *Phillips v. Ochoa*, Case No. 2:21-cv-00483-APG-NJK (D. Nev. Mar. 24, 2021) (case brought against state court judges and state attorney general); *Shahroki v. Harter*, Case

No. 2:21-cv-00557-APG-BNW (D. Nev. Apr. 5, 2021) (case brought against state court judge);[3] *Phillips v. Ochoa*, Case No. 2:21-cv-01127-RFB-NJK (D. Nev. June 14, 2021) (case brought against state court judge, Plaintiff's ex-wife, and her counsel); *Phillips v. Ochoa*, Case No. 2:22-cv-2086-RFB-BNW (D. Nev. Dec. 16, 2022) (case brought against state court judge, state court itself, county, district attorney, deputy district attorney, attorney, and Plaintiff's ex-wife); *Phillips v. Henderson*, Case No. 2:24-cv-00594-DJA (D. Nev. Mar. 27, 2024) (case brought against state court judge, law clerk, judicial executive assistant, and state court itself); *Phillips v. Henderson*, Case No. 2:24-cv-00859-JAD-BNW (D. Nev. May 7, 2024) (case brought against state court judge). Despite the many federal cases Plaintiff has brought against state court actors, he has achieved success in none of them from this Court or from the Ninth Circuit.[4] This is an adequate record for review.

C. Frivolousness or Harassing Nature of Cases

Although he acquiesces to the issuance of a prefiling order and acknowledges his lengthy litigation losing streak, Plaintiff contends that he is not "vexatious" because he has not been subject to Rule 11 sanctions or earlier findings of frivolousness. Docket No. 12 at 3. While Plaintiff focuses his attention on frivolousness, the governing standard is not so limited: "As an alternative to frivolousness, the district court may make an alternative finding that the litigant's filings 'show a pattern of harassment.'" *Ringgold-Lockhart*, 761 F.3d at 1064 (quoting *De Long*, 912 F.2d at 1148). By not addressing this alternative basis for a vexatious litigant order, *but see* Docket No. 7 at 1 (order to show cause specifically identifying the "harassing nature" of the litigation as potential basis for issuing a vexatious litigant order), Plaintiff has effectively conceded that he has engaged in a pattern of harassment, *cf. Stichting Pensioenfonds APB v. Country Wide Fin'l Corp.*, 802 F. Supp. 2d 1125, 1132 (C.D. Cal. 2011).

---

[3] This case had two plaintiffs, one of which was T. Matthew Phillips.

[4] It also appears that Plaintiff was declared vexatious in state court related to his conduct in that forum. *See Phillips v. Phillips*, 567 P.3d 335 (Nev. 2025) (dismissing appeal of vexatious litigant order); *see also O'Neil v. N.Y.*, 2021 WL 1555040, at *4 (D. Nev. Mar. 24, 2021) (noting vexatious litigant orders issued in other courts), *adopted* 2021 WL 1554323 (D. Nev. Apr. 20, 2021).

The record here amply supports a finding of harassment. Plaintiff has received ruling after ruling that his federal lawsuits are barred or otherwise unmeritorious. These rulings are based in large part on foundational doctrines precluding the type of litigation conduct in which Plaintiff has engaged. Some of the doctrines are designed specifically to prevent the type of vexatious conduct that Plaintiff has displayed. *See, e.g.*, *Forrester v. White*, 484 U.S. 219, 225 (1988) (explaining that judicial immunity exists, among other reasons, to protect "judicial independence by insulating judges from vexatious actions prosecuted by disgruntled litigants"). To repeat, Plaintiff is a licensed attorney, not a layperson unfamiliar with the law. Despite being rebuffed over and over again based on this type of reasoning, Plaintiff continues along the same path. In doing so, it is apparent that Plaintiff does not have a good faith expectation of prevailing, but rather he is using federal litigation as a means to harass those involved in his state court family law proceedings.[5]

Plaintiff's litigation efforts have been harassing in nature.

D. Narrowly-Tailored Prefiling Order

A prefiling order is warranted in these circumstances. The Court must therefore craft a prefiling order that is as narrowly tailored as possible to address the vexatious conduct at issue. An order is narrowly tailored where it preserves the litigant's right to adequate, effective and meaningful access to the court, while protecting the court from abuse. *O'Loughlin v. Doe*, 920 F.2d 614, 617 (9th Cir. 1990). The specific behavior at issue is Plaintiff's resort to federal litigation predicated on allegations of judicial or other misconduct related to state court. The Court trusts that a prefiling injunction targeting that specific behavior will be sufficient to protect the Court and litigants from Plaintiff's abuse moving forward. Hence, the prefiling order should be specifically tailored to any cases related to state court proceedings or brought against anyone affiliated with the state court system.

## III. CONCLUSION

For the reasons discussed above, the undersigned **RECOMMENDS** that Plaintiff (T. Matthew Phillips) be **DECLARED VEXATIOUS** for the purpose of issuing a prefiling order. In

[5] Given the finding of harassment, the Court need not make findings as to frivolousness.

particular, it is recommended that the Court issue a vexatious litigant order directing the Clerk's Office not to accept for filing any complaint by Plaintiff related to state court proceedings or brought against anyone affiliated with the state court system, unless Plaintiff first obtains leave from a judge of this Court. Before Plaintiff may initiate such an action, he must first file a motion for leave to file a complaint. Plaintiff must submit a copy of this Court's vexatious litigant order and a copy of the proposed complaint with any such motion. If the Court does not grant Plaintiff written permission to file a complaint within thirty days of the date of such motion, permission will be deemed denied.

Dated: August 17, 2026

Nancy J. Koppe
United States Magistrate Judge

**NOTICE**

This report and recommendation is submitted to the United States District Judge assigned to this case pursuant to 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation must file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation. Local Rule IB 3-2(a). Failure to file a timely objection may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).