T. MATTHEW PHILLIPS, ESQ.
Calif. State Bar No. 165833
United States Bar No. 317048
(*Not Licensed in Nevada*)
4894 W. Lone Mtn. Rd., No. 132
Las Vegas, Nevada 89130
Telephone: (323) 314-6996
TMatthewPhilllips@aol.com
*Self-Represented*

**UNITED STATES DISTRICT COURT**

**LAS VEGAS, NEVADA**

| | |
|---|---|
| **T. MATTHEW PHILLIPS** | **Case No: 2:25-cv-01464-GMN-NJK** |
| ***Plaintiff*** | PLAINTIFF'S OBJECTIONS *to the* MAGISTRATE'S REPORT *and* RECOMMENDATION, [(Dkt. #17), (Aug. 17, 2026)], [LR IB 3-2)]. |
| ***vs.*** | |
| **HON. MARI PARLADE** | |
| ***Defendant*** | ***Hon. Gloria M. Navarro, Judge*** ***Hon. Nancy J. Koppe, Magistrate Judge*** |

////
////
////

# OBJECTIONS *to* REPORT *and* RECOMMENDATION

## I. Brief Intro.

Written Objections: Plaintiff, T. Matthew Phillips, ("Phillips"), now responds to the *Report and Recommendation,* filed Aug. 17, 2026, [Dkt. #17].

Consent to Pre-Filing Restrictions: Phillips has no wish to be seen as quarrelsome; *therefore*, in the interests of expediency, ***Phillips consents to the proposed pre-filing restrictions***.

Terms of the Pre-Filing Restrictions: Phillips agrees to submit to pre-filing restrictions—in the event he brings future complaints, "***related to state court proceedings or brought against anyone affiliated with the state court system***," [*see Report and Recommendation*, (Aug. 17, 2026); (Dkt. #17)].

Phillips Agrees to Pre-Filing Restrictions: Phillips pledges that, if he ever wishes to bring another action against state court employees, he will first submit it to Hon. Gloria M. Navarro, Judge. Although, frankly, the possibility of another such action is a million-to-one because Phillips has no children in family court.

Phillips Has No Children in Family Court: The fact is, Phillips has no more children in family court. And thus, the likelihood of another civil rights action against a family court judge is indeed remote. Nevertheless, although the prospect is *extremely unlikely*, Phillips agrees that—if he ever again seeks to sue state court personnel, he will first seek leave of this court.

The 'Vexatious' Label is Unnecessary: While Phillips agrees to the pre-filing restrictions, he argues the "vexatious" label should not apply. Why?—because (a) despite losing ten lawsuits, (including *Phillips vs. Parlade*), none of his lawsuits were adjudged "frivolous," (including *Phillips vs. Parlade*), and, (b) no Rule 11 violations were ever found. Here, Phillips has already agreed to the pre-filing restrictions; *therefore*, there's really no need for the daunting "vexatious" label.

## II. No Findings of Frivolousness.

No Substantive Findings of Frivolousness: Again, there's never been a substantive finding of "frivolousness" against Phillips. Yes, Phillips has lost ten lawsuits against family court; but none were dismissed based on "frivolousness."

No Rule 11 Violations: So too, despite the fact that Phillips lost ten lawsuits, the court found no Rule 11 violations, *i.e.,* no finding that Phillips made legal arguments not warranted by existing law, [Rule 11(b)(2)], and no findings that he made factual contentions that lack evidentiary support, [Rule 11(b)(3)].

The Most Recent Litigation: Indeed, even in the most recent litigation, (*Phillips vs. Parlade*), this Court made no finding of "frivolousness," nor did the Court find any Rule 11 violations. Phillips contends there's no basis for a finding of "vexatiousness"—because none of his lawsuits were adjudged "frivolous."

No 'Pattern of Harassment': The *Magistrate's Report* alleges that, "Plaintiff has effectively conceded that he has engaged in a pattern of harassment," [*Report and Recommendation*, p. 4, lines 21-22]. For the record, Plaintiff *does not* concede to a pattern of harassment, nor any harassment for that matter.

No Showing of Intent: The *Magistrate's Report* alleges, "it is apparent that Plaintiff does not have a good faith expectation of prevailing, but rather he is using federal litigation as a means to harass those involved in his state court family law proceedings," [*Report and Recommendation*, p. 5, lines 10-11]. But Plaintiff disputes these allegations.

Addressing Wrongful Behavior: The pre-filing restrictions—to which Phillips has agreed—will adequately address, "[Phillips'] wrongful behavior," [*Ringgold-Lockhart*, 761 F.3d 1057, at 1066, (*quoting Molski*, 500 F.3d at 1061)]. And thus, with the wrongful behavior now adequately addressed—in this instance, by Phillips' express agreement to pre-filing restrictions—the vexatious "label" is thus rendered superfluous and unnecessary.

No 'Labeling' Required: May courts impose "pre-filing" restrictions—without imposing the "vexatious" label? (Yes.) Is the "labeling" absolutely necessary? (No.) The fact is, district courts may impose pre-filing restrictions without having to "brand" litigants or otherwise pigeon-hole them into prejudicial categories that serve only to reinforce harmful stereotypes.

The Vexatious 'Label' Incites Prejudice: The vexatious "label" has negative connotations. It incites undue *prejudice*. But the point is, district courts have the inherent power to control proceedings. District courts may impose pre-filing restrictions *without* the imposition of stigmatizing "labels."

## III. District Courts May Impose Pre-Filing Restrictions Without Resort to the 'Vexatious' Label.

Labeling is Superfluous: Courts may impose pre-filing restrictions without labeling the plaintiff "vexatious." While courts routinely refer to such orders as *vexatious orders*, the authority to restrict access to the courts stems from the court's inherent power, and the *All Writs Act*, which require substantive findings of abusive conduct—rather than the application of specific labels.

Required Elements to Impose Pre-Filing Restrictions: To enter a pre-filing order, a federal district court is *not* mandated to use the specific word "vexatious" as a badge or insignia for the plaintiff. Instead, the court's task is limited to satisfying the below-listed procedural and constitutional requirements:

- Notice and Opportunity to be Heard: Plaintiffs must be given adequate notice and an opportunity to oppose, [*De Long v. Hennessey*, (1990), 912 F.2d 1144); *Ringgold-Lockhart v. County of L.A.*, (2013) 761 F.3d 1057].
- Adequate Record for Review: The district court must compile a detailed record, including a listing of the specific cases and motions that demonstrate the litigant's activities, [*De Long v. Hennessey*, (1990), 912 F.2d 1144); *Ringgold-Lockhart v. County of L.A.*, (2013) 761 F.3d 1057].

- Substantive Findings of Frivolousness or Abuse: The court must make explicit substantive findings regarding the frivolous, harassing, or manifestly abusive nature of the litigant's actions, [*De Long v. Hennessey*, (1990), 912 F.2d 1144; see also, *Lundahl v. Halabi*, (2014) 600 Fed. Appx. 596].
- Narrowly Tailored Order: The restrictions must be narrowly tailored to closely fit and curb the specific abuse or "vice" encountered, ensuring the order does not completely block free and meaningful access to the courts for unrelated, meritorious claims, [*De Long v. Hennessey*, (1990), 912 F.2d 1144); *Ringgold-Lockhart v. County of L.A.*, (2013) 761 F.3d 1057].

No Legal Requirement to Impose 'Labels': Simply stated, the "vexatious" label is *not* a legal requirement. The only critical enquiries are whether the litigant has engaged in a documented history of abusive and repetitive litigation, [*see*, *e.g.*, *Ringgold-Lockhart v. County of L.A.*, (2013) 761 F.3d 1057; *Molski v. Evergreen Dynasty Corp*., (2007) 500 F.3d 1047].

No Formal Branding Requirement: Provided the district court builds an adequate factual record, and makes substantive findings of abuse, it may craft pre-filing restrictions orders—*e.g.*, requiring leave of court, representation by a licensed attorney—or the posting of a bond, *etc*.—without the necessity of formally branding the plaintiff a "vexatious litigant."

////

////

////

## IV. Summary & Conclusion.

<u>Phillips Consents</u>: Phillips consents to the proposed pre-filing restrictions. If he seeks to bring a complaint "***related to state court proceedings or brought against anyone affiliated with the state court system***," Phillips must first obtain leave from Hon. Gloria M. Navarro, Judge. But again, the prospect of such future litigation is remote. Why?—because Phillips' son, Donovan Matthew Phillips, already turned 18 and the family case is now closed.

<u>Summary</u>: Yes, district courts have inherent authority to impose pre-filing restrictions on frivolous litigants; but still, there's no legal requirement that courts apply a specific "vexatious" label. So long as the court: (i) provides proper notice, (ii) compiles an adequate record, (iii) makes substantive findings of frivolousness or harassment, and (iv) narrowly tailors the restrictions—the pre-filing order will pass muster as to constitutional and procedural standards.

<u>Conclusion</u>: Henceforth, in the event he seeks to sue family court personnel, Phillips respectfully agrees to seek leave of Hon. Gloria M. Navarro, (or other designate), before any such filing. In addition, Phillips politely asks this Court to not impose the "vexatious" label.

Dated: **Aug. 31, 2026** *Respectfully Submitted*,

T. Matthew Phillips

T. Matthew Phillips, Esq.
Calif. State Bar No. 165833
United States Bar No. 317048
(*Not Licensed in Nevada*)
Email: TMatthewPhillips@aol.com
Tel: (323) 314-6996

* * *

T. MATTHEW PHILLIPS, ESQ.
Calif. State Bar No. 165833
United States Bar No. 317048
(*Not Licensed in Nevada*)
4894 W. Lone Mtn. Rd., No. 132
Las Vegas, Nevada 89130
Telephone: (323) 314-6996
TMatthewPhilllips@aol.com
*Self-Represented*

**UNITED STATES DISTRICT COURT**

**LAS VEGAS, NEVADA**

| | |
|---|---|
| **T. MATTHEW PHILLIPS** | **Case No: 2:25-cv-01464-GMN-NJK** |
| ***Plaintiff*** | PLAINTIFF'S DECLARATION *re* TIMELY FILING *of* WRITTEN OBJECTIONS. |
| ***vs.*** | [*Filed Concurrently with Plaintiff's Objections to Magistrate's Report and Recommendation*] |
| **HON. MARI PARLADE** | |
| ***Defendant*** | ***Hon. Gloria M. Navarro, Judge*** <br> ***Hon. Nancy J. Koppe, Magistrate Judge*** |

PLAINTIFF'S DECLARATION *re* TIMELY FILING *of* WRITTEN OBJECTIONS

My name is T. MATTHEW PHILLIPS. I am the Plaintiff. The within allegations are true and correct of my own personal knowledge. If called upon to testify, I could and would give competent and truthful evidence.

1. On Aug. 17, 2026, the Magistrate Judge filed a *Report and Recommendation*, [Dkt. #17]. My written objections were thus due Aug. 31, 2026.

2. On Monday, Aug. 31, 2026, I filed my written objections. I submitted my brief, via pdf, at: lv_public_docketing@nvd.uscourts.gov. (Note: I would later learn this email address is no longer operational.)

3. On Sept. 2, 2026, I checked the docket; *however*, there was no indication my brief had been filed. I then phoned the court clerk who told me there was no brief on-file from Plaintiff. The clerk went on to explain there is a new filing portal for *pro se* litigants.

4. Attached as Exhibit No. "1" is a true and correct copy of the email I sent on Monday, Aug. 31, 2026, which contained my written objections (pdf).

5. At all times, I believed my written objections were timely filed. I politely ask this court to accept my written objections as timely.

***I declare under penalty of perjury under the laws of the State of Nevada the foregoing is both true and correct.***

Dated: **Sept. 2, 2026** *Respectfully Submitted*,

T. Matthew Phillips

T. Matthew Phillips, Esq.
Calif. State Bar No. 165833
United States Bar No. 317048
(*Not Licensed in Nevada*)
Email: TMatthewPhillips@aol.com
Tel: (323) 314-6996

* * *

# Exhibit No. "1"

## Plaintiff's Email to the Court

## (Aug. 31, 2026)

## 2:25-cv-01464-GMN-NJK

**From:** TMatthewPhillips <tmatthewphillips@aol.com>
**To:** lv_public_docketing@nvd.uscourts.gov
**Date:** Aug 31, 2026, 11:11 PM

---

PHILLIPS vs. PARLADE - (2:25-cv-01464-GMN-NJK)

Hello, I am a pro se litigant not licensed in Nevada.

May I please ask that you file the attached pleading?

The case is closed, but one matter remains pending.

Sincerely,

T. Matthew Phillips
Attorney-at-Law
(323) 314-6996

---

Written Objections (08.31.2026).pdf
610 KB