**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

T. MATTHEW PHILLIPS,

Plaintiff,

vs.

MARI PARLADE,

Defendant.

Case No.: 2:25-cv-01464-GMN-NJK

**ORDER ADOPTING REPORT AND RECOMMENDATION**

Pending before the Court is the Report and Recommendation ("R&R"), (ECF No. 17), of United States Magistrate Judge Nancy J. Koppe, which recommends (1) that Plaintiff T. Matthew Phillips be declared vexatious and (2) that the Court issue a vexatious litigant order directing the Clerk's Office not to accept any further complaints from Plaintiff related to the state court system unless he first obtains leave from a judge of this Court. (R&R 5:24–6:8). The R&R explains that Plaintiff has filed "at least ten cases in this federal court predicated on allegations of judicial or other misconduct" related to his state court family law proceedings. (*Id.* 1:15–16). His federal suits have consistently encountered "well-established" legal obstacles that prevent him from obtaining relief in federal court. (*Id.* 1:16–23). Nevertheless, Plaintiff continues to file similar cases; the instant lawsuit, for instance, alleges that the state court judge presiding over his family law proceedings improperly relied on artificial intelligence to craft her rulings. (*Id.* 1:25–2:3).

A party may file specific written objections to the findings and recommendations of a United States Magistrate Judge made pursuant to Local Rule IB 1-4. 28 U.S.C. § 636(b)(1)(B); LR IB 3-2. Upon the filing of such objections, the Court must make a de novo determination of those portions to which objections are made if the Magistrate Judge's findings and recommendations concern matters that may not be finally determined by a magistrate judge. LR

IB 3-2(b). The Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. 28 U.S.C. § 636(b)(1); LR IB 3-2(b). Where a party fails to object, however, the Court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985) (citing 28 U.S.C. § 636(b)(1)). Indeed, the Ninth Circuit has recognized that a district court is not required to review a magistrate judge's R&R where no objections have been filed. *See, e.g.*, *United States v. Reyna-Tapia*, 328 F.3d 1114, 1122 (9th Cir. 2003).

The deadline for Plaintiff to file an objection to the R&R was August 31, 2026. (*See* R&R 6:14–19) (setting a 14-day deadline for objections). Plaintiff did not submit his Objection, (ECF No. 18), until September 3, 2026, three days after the deadline. Consequently, Plaintiff's Objection is untimely, and the Court could dismiss it on that basis alone. *See, e.g.*, *Johnston v. Naughton*, No. 3:22-cv-00080-MMD-CSD, 2022 WL 2919013, at *1 & n.1 (D. Nev. July 25, 2022). The Court nonetheless exercises its discretion to consider Plaintiff's Objection on the merits.

Plaintiff does not object to the recommended pre-filing restrictions but only to the "vexatious" labvel. (Obj. 2:6–28). Although he asserts that courts may impose pre-filing restrictions without imposing a label of vexatiousness, he provides no authority for that proposition. (*See id.* 3:1–5). Instead, as explained in the R&R, the Ninth Circuit only allows district courts to impose pre-filing restrictions after, among other requirements, "compil[ing] an adequate record for appellate review, including 'a listing of all the cases and motions that led the district court to conclude that a vexatious litigant order was needed'" and "mak[ing] substantive findings of frivolousness or harassment." *Ringgold-Lockhart v. Cnty. of Los Angeles*, 761 F.3d 1057, 1062 (9th Cir. 2014) (quoting *De Long v. Hennessey*, 912 F.2d 1144, 1147–48 (9th Cir. 1990)). The Ninth Circuit's standard, therefore, requires a district court to find a litigant vexatious *before* entering the pre-filing restriction.

Plaintiff argues that he cannot be declared vexatious because no other court has found him frivolous or imposed Rule 11 sanctions against him. (Obj. 3:2–12). Again, he cites no authority for this argument. And even though no prior court took steps to declare him vexatious or sanction him, the record unequivocally shows a "pattern of harassment." *Ringgold-Lockhart*, 761 F.3d at 1064. Between 2020 and 2025, Plaintiff filed 10 lawsuits in this district claiming judicial or other misconduct in his family court proceedings. (*See* R&R 3:20–4:9) (collecting cases). In every case, the presiding judge dismissed his claims with prejudice on legal grounds—judicial immunity, issue preclusion, and federal court avoidance of interference with state court proceedings, to name a few. (*See id.* 1:14–23) (collecting cases).

The frivolous nature of Plaintiff's litigation is evidenced by his continued attempts to relitigate the same issues notwithstanding judgments and Ninth Circuit decisions foreclosing relief. For instance, in the present action, Plaintiff alleged misconduct by a family court judge in her handling of his case, (*see generally* Compl., ECF No. 1), which the Court dismissed with prejudice because a judge acting in her official capacity is entitled to judicial immunity. (Order to Dismiss 2:14–21, ECF No. 16). Yet Plaintiff's ninth action in this district—relating to a different family court judge's handling of Plaintiff's case—was dismissed on exactly the same grounds. *Phillips v. Henderson*, No. 2:24-cv-00859-JAD-BNW, 2024 WL 4104190, at *2–3 (D. Nev. Sep. 6, 2024). Plaintiff's abuse of this Court's processes is particularly egregious given that he is a licensed attorney and should know better.

Accordingly,

**IT IS HEREBY ORDERED** that the Report and Recommendation, (ECF No. 17), is **ACCEPTED and ADOPTED** in full.

**IT IS FURTHER ORDERED** that Plaintiff is deemed a vexatious litigant under 28 U.S.C. § 1651(a).

The Clerk's Office is kindly directed to not accept for filing any complaint by Plaintiff

related to state court proceedings or brought against anyone affiliated with the state court system unless Plaintiff first obtains leave from a judge of this Court. Before Plaintiff may initiate such an action, he must first file a Motion for Leave to File a Complaint. Plaintiff must submit a copy of this Order and a copy of the proposed complaint with any such motion. If the Court does not grant Plaintiff written permission to file a complaint within 30 days of the date of such motion, permission will be deemed denied.

**DATED** this 27 day of October, 2026.

Gloria M. Navarro, District Judge
UNITED STATES DISTRICT COURT